UNIVERSITY OF CALIFORNIA, SAN DIEGO                                                              UCSD



BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO       SANTA BARBARA • SANTA CRUZ

DEPARTMENT OF COMPUTER SCIENCE & ENGINEERING                                    9500 GILMAN DRIVE
PHONE: (858)- 822-4895                                                                          LA JOLLA, CALIFORNIA
FAX: (858) 822-1559
92093-0404

To whom it may concern,

   I am a professor at UC San Diego, in the department of computer science.  I am part of a group that is exploring techniques for providing meaningful digital integrity checks on criminal process served electronically on major service providers (e.g., Google, Microsoft, etc.). The goal is to show that such technology can be used to detected forged legal process and is compatible with the structure and service modes in use in the Federal Courts today.  This research is responsive to both a number of news accounts of such forgery's being unwittingly accepted by providers (e.g., https://arstechnica.com/tech-policy/2023/12/verizon-fell-for-fake-search-warrant-gave-victims-phone-data-to-stalker/, https://krebsonsecurity.com/2022/03/fake-emergency-search-warrants-draw-scrutiny-from-capitol-hill/) as well as proposed legislation from Senators Wyden and Tillis to require digital authenticity technology be attached to Federal legal process (e.g., https://www.wyden.senate.gov/news/press-releases/wyden-tillis-and-whitehouse-introduce-bipartisan-bill-to-combat-counterfeit-court-orders).


We have developed a digital signature technology for such documents and we hypothesize that it would allow service providers (e.g., Google) to validate whether the legal process they receive actually issued, unaltered, from the court that it purports to originate from.  As well, we have designed our approach such that this digital signature can survive translation to paper (e.g., if the document is printed, has a stamp added to it, is scanned, faxed, etc.).  However, to validate this hypothesis we need to evaluate it against the range of variation in the facial makeup of such documents as issued by courts today (e.g., how often is handwriting added to documents, what is the variation in text rendering quality, the range in font use, etc.)


For this purpose, we need a representative collection of process documents (we are particularly interested in 2703(d) orders and warrants for electronic content under the Stored Communications Act) during the last three years from each of the district courts.  We would like to acquire a representative set of examples from *each* district court as we are aware that different districts have developed slightly different forms and local rules for handling such requests and we want to ensure that our approach is substantially compatible with the range of such documents.  For our purposes, we believe we can use either the returns document (if it is present in PACER), the issued process document (if it is present in PACER) or the proposed order (we assume that it will be substantially similar to what was ultimately provided to law

enforcement to serve on the provider). We understand that only unsealed orders will be available to us via PACER.

To give an estimate of the number of documents: a three-year case search on "USA v. *.com*" for mc, mj, and cr case types across all 94 districts produces 1014 records.  The same query against "USA v. *.net*" produces 15 results.  We would seek to issue a docket report on *each* of these 1029 cases to determine if it included criminal process served on a provider (we believe that most will because of the nature of the search terms).  We would then request the appropriate criminal process document (we would prioritize the shortest document that included the full order served on the provider – e.g., including the order itself, attachment A and attachment B for warrants).  We do not require attached affidavits for our work, thus we estimate perhaps 5 pages per case, plus the docket search, but this is our first experience using PACER in a research project so it is a rough estimate.

This document is written with the benefit of guidance from your office (our original application was too broad) and I have tried to scope our request more clearly and precisely around the specific needs of the research project we are pursuing.  However, I would be happy to provide further information or more detailed scoping if it is not clear in its current form.

        Sincerely,

        Stefan Savage
        Irwin and Joan Jacobs Professor of Information and Computer Science
        Department of Computer Science and Engineering
        University of California, San Diego

        Director
        Center for Networked Systems
        University of California, San Diego